**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WESLEY LAWLESS,

Defendant-Appellant.

No. 97-2281
(District of New Mexico)
(D.C. No. CR-96-654)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BARRETT,** and **BRISCOE** Circuit Judges.

Wesley Lawless (Lawless), an Indian who resided on the Navajo Indian Reservation in McKinley County, New Mexico, appeals his conviction and sentence following a jury trial wherein he was found guilty of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153, and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Lawless was sentenced to 111 months imprisonment, to be followed by three years of supervised release.

Facts

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On the night of February 16, 1996, Henry Van Winkle (Van Winkle) answered a knock at his front door and was shot once in the left shoulder with a .22 caliber firearm. At the time of the shooting, Van Winkle lived with his wife, Irene Dawes Nez (Irene), his mother-in-law, Elizabeth Dawes (Elizabeth), and his stepson, Lennie Nez (Lennie) at the Dawes family compound (owned by Elizabeth) near Mexican Springs, New Mexico. Usually, Lennie and his grandmother, Elizabeth, lived in her house and Van Winkle and Irene lived in the hogan next door. On the night in question, however, Van Winkle and Irene were in the house and Lennie slept on a cot in the hay shed to get away from their fighting. It is evident that both Van Winkle and Irene were highly intoxicated and that Van Winkle struck Irene across the face sometime during the evening.

The investigation of the shooting revealed that Lennie was awakened in the hay shed by dogs barking; he heard footsteps and saw a figure in the dark; and he heard a knock on the door of his grandmother's house followed by a single gunshot. After waiting until the shooter had run off, Lennie went to the house and drug Van Winkle outside at Van Winkle's request. Van Winkle then walked to the main road where he flagged down a passing truck driven by Nathaniel Thomas. Thomas testified that when asked who shot him Van Winkle responded, "My son, Wesley Lawless." When Navajo Tribal Police Officer Davis Peshlakai arrived at the Thomas residence, Van Winkle told him his son, Lennie, shot him. At trial, Van Winkle testified he did not see who shot him.

Later that evening at the Dawes family compound, officers arrested Lennie for the shooting. Lennie told the officers that he did not shoot his stepfather, but that Lawless shot him. Lennie stated that although he did not see the shooter's face, he knew it was Lawless from his walk and silhouette. In a search of the premises, officers found two Remington .22 caliber shell casings outside the front door of Elizabeth's house; an empty box of Remington .22 caliber Thunderbolt ammunition on a

dresser inside the house; and a brass, magazine, loading tube for a tubular-fed rifle lying on the bed in the hay shed. No gun was recovered.

Lennie and Lawless were interviewed at the Window Rock Tribal Jail. At his interview, Lennie stated that he inadvertently brought the empty ammunition box back from his sheep herding job where he uses a .22 caliber rifle to protect the sheep from coyotes and that he found the brass loading tube at the dump and was going to make a car diagnostic tool with it. He further stated that Van Winkle and his mother, Irene, had been fighting, his mother had been injured, and he had to break up the fight. When officers interviewed Lawless, he claimed at first that he did not know Van Winkle, but then admitted knowing him and confessed to shooting him with a .22 caliber semiautomatic rifle. However, Lawless claimed he acted under duress as someone else held a pistol to his head and threatened to kill him if he did not do it. Further investigation revealed that Lawless' alleged accomplice was not involved in the shooting.

On November 7, 1996, Lawless was indicted on one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153, and one count of use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).

On April 7, 1997, the government notified Lawless of its intent to introduce five specific instances of other bad acts committed by Lawless against Van Winkle and other members of the Dawes family. The government proffered that: (1) on August 5, 1994, Lawless stabbed Irwin Dawes in the hand;[1] (2) on June 18, 1994, Lawless stabbed Van Winkle in the leg; (3) on August 10, 1995, Irwin Dawes reported written threats against him made by Lawless; (4) on June 24, 1995, Lawless beat and threatened Irwin and Elizabeth Dawes and caused property damages to Elizabeth's house;

---

[1] Irwin Dawes is Lennie's younger brother.

-3-

and (5) on February 7, 1996, Lawless caused property damage to Elizabeth's house. This evidence was offered to show motive and/or common scheme or plan against the Dawes family.[2] (R.O.A., Vol. I, Doc. 49 at 2-4 ¶3-7; Vol. IV at 14-15.) On April 14, 1997, Lawless filed a motion in limine to exclude the government's proffered Fed. R. Evid. 404(b) evidence of other bad acts allegedly committed against the Dawes family. *Id*. Vol. I, Doc. 49. Lawless asserted that the evidence was not relevant and that the probative value was outweighed by the danger of unfair prejudice. *Id*. at 2 ¶2. Following a brief hearing on the morning of trial, the district court ruled that the evidence was admissible pursuant to Hopkinson v. Shillinger, 866 F.2d 1185, 1197-98 (10th Cir. 1989), *cert. denied*, 497 U.S. 1010 (1990), to show motive based on the ongoing, longstanding conflict between Lawless' family, the Petersons, and Van Winkle's family, the Dawes. (R.O.A., Vol. IV at 22-23.) Lawless objected to the court's ruling at the time, *id*. at 23, but did not renew his objections during trial as the evidence was being admitted.

At trial, the government introduced as foundation evidence testimony of an ongoing family feud or dispute between the Dawes and the Petersons. *See id*. Vol. IV at 126, 153, 177, 201-02; Vol. V at 275, 302-03, 342-43; Vol. VI at 532. With respect to specific bad acts, the government introduced, without objection, the proffered evidence and additional testimony that Lawless: hit Van Winkle with a shovel and a three foot long chain or cane, *id*. Vol. IV at 127-28, 136-38; broke into Van Winkle's house and kicked him in the leg, *id*. at 148-49; threatened to burn the Dawes' house down with them inside, *id*. at 154; verbally threatened to kill Lennie, *id*. at 176, 206; threatened to harm his own mother, Faye Peterson (Faye), and may have broken the windows of her house, *id*. Vol.

---

[2] We rely on Lawless' motion in limine for the nature and substance of the government's proffered testimony because the government's April 7, 1997, letter was not included in the record on appeal.

V. at 335; and assaulted his fiancé Laura Bradley (Laura) with a knife, *id*. Vol. VI at 577. In addition, the government unsuccessfully attempted to illicit testimony that Lawless assaulted his mother during his attack on Laura; *id*. at 577-79, and threatened his mother with a baseball bat, *id*. at 554-55.

<u>Appeal</u>

On appeal, Lawless' sole contention is that the district court erred in admitting evidence of prior bad acts he had committed. First, he asserts that the extrinsic bad acts evidence was inadmissible under Rule 404(b) because it was not probative of any material issue apart from its inference of bad character; the government failed to articulate with specificity the purposes for the evidence; and the district court failed to identify the specific permissible purpose for admitting the evidence. Second, Lawless argues that the evidence of prior bad acts was inadmissible because its probative value, if any, was substantially outweighed by the danger of undue prejudice because the jury could misuse it to generalize his bad character and to convict him as punishment for these earlier bad acts for which he was never charged or convicted. Finally, Lawless claims the error was not harmless despite his confession because no physical evidence confirmed his confession or tied him to the crime.

The government contends that Lawless failed to specify the grounds for his objection to the admission of the Rule 404(b) bad acts evidence in his motion in limine and failed to raise or renew his objections at trial; thus, he has waived the issue or, at a minimum, we may only review for plain error. On the merits, the government maintains that the district court did not err in admitting evidence of Lawless' prior attacks on the Dawes family to show motive, common scheme or plan, and/or identity. Furthermore, the government argues that the evidence was necessary and relevant

-5-

to explain Lawless' unprovoked attack on Van Winkle and Lawless' confession.

The district court has broad discretion in determining the admissibility of evidence. United States v. Talamante, 981 F.2d 1153, 1155 (10th Cir. 1992), *cert. denied*, 507 U.S. 1041 (1993). We review the district court's admission of evidence under Rule 404(b) for abuse of discretion. United States v. Hill, 60 F.3d 672, 676 (10th Cir.), *cert. denied*, 516 U.S. 970 (1995). We will not disturb the court's ruling unless we have a definite and firm conviction that the court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. Talamante, 981 F.2d at 1155 (quotation omitted). However, if a defendant fails to object to the admission of evidence, we review only for plain error. *See* United States v. Enjady, 134 F.3d 1427, 1435 (10th Cir. 1998). Plain error exists when a clear or obvious error affecting substantial rights has seriously affected the fairness, integrity, or public reputation of the judicial proceeding. Johnson v. United States, 520 U.S. 461, ___, 117 S.Ct. 1544, 1549 (1997); Enjady, 134 F.3d at 1435; Fed. R. Crim. P. 52(b).

A.

As a preliminary matter, we must consider the government's contention that Lawless failed to object to the bad acts evidence when it was introduced at trial, waiving the issue or, at a minimum, limiting our review only for plain error.

It is undisputed that at trial Lawless did not renew his objection to the five instances of bad acts specifically discussed and objected to in his motion in limine. "However, a [pretrial] motion in limine may preserve an objection when the issue (1) is fairly presented to the district court, (2) is the type of issue that can be finally decided in a pretrial hearing, and (3) is ruled upon without equivocation by the [district court]." United States v. Mejia-Alarcon, 995 F.2d 982, 986 (10th Cir.), *cert. denied*, 510 U.S. 927 (1993). With respect to the five instances addressed in the motion in

-6-

limine, there is no question that the issue was fairly presented to the district court and that the district court's ruling was without equivocation. The issue then is whether the admissibility of Rule 404(b) bad acts evidence can be finally decided in a pretrial hearing.

The admissibility of Rule 404(b) evidence will generally be a fact-bound determination, depending to a significant degree on the character of the other evidence admitted at trial, all of which requires a balancing of probative value versus unfair prejudice at trial. *See e.g.* Mejia-Alarcon, 995 F.2d at 987 n.2 (defendant not entitled to rely on pretrial ruling when admissibility rests on balancing probative value and prejudicial effect); United States v. Cobb, 588 F.2d 607, 612-13 (8th Cir. 1978) (a party should ordinarily renew an objection to the admission of a conviction older than ten years because the decision to admit rests on "specific facts and circumstances" adduced at trial and requires a balancing of probative value against prejudicial effect after the facts and circumstances have been developed at trial), *cert. denied*, 440 U.S. 947 (1979). However, there will be instances when the district court's evidentiary ruling under Rule 404(b) is more in the nature of a decision as a matter of law rather than a factual determination. In such cases, the issue of admissibility can be finally decided in a pretrial hearing.

Here, the district court knew the nature and substance of the bad acts evidence to be introduced and had determined that under precedent from this court the evidence was admissible over the objections urged by Lawless in his motion in limine. The district court made its decision based on what it believed to be clear precedent for this court and in a manner that indicated the decision was as a matter of law. Although the best practice is to renew any objection at trial when the Rule 404(b) evidence is presented in order for the district court to balance the probative value against any unfair prejudice in the context of the other evidence presented, Lawless preserved his

objection to this evidence on all ground(s) adequately presented in his motion in limine due to the legal nature of the district court's pretrial ruling.

In his motion in limine, Lawless objected to the five specific instances of bad acts evidence proffered by the government on the grounds of relevance and unfair prejudice. From the record, it is evident that Lawless effectively preserved his objection to the admission of the five specific bad acts referred to in his motion in limine on the ground of relevance; thus, we will review this matter for abuse of discretion. However, although Lawless stated the general rule that evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, he did not sufficiently explain the nature and substance of the unfair prejudice with respect to each bad act proffered. Thus, we review Lawless' objection on the ground unfair prejudice only for plain error.[3]

Lawless also failed to object at trial to the admission of the testimony regarding prior bad acts against the Dawes family and against his own family which were not proffered by the government prior to trial. Although these bad acts were introduced in direct violation of the district court's order that the government disclose all 404(b) bad acts evidence five working days prior to trial, *see* R.O.A., Vol. I, Doc. 5 at 5-6 ¶7, Lawless failed to object and notify the court of this error.[4] Accordingly, we review this 404(b) bad acts evidence only for plain error.

B.

---

[3]    We note that our decision would be the same under either the abuse of discretion or plain error standard.

[4]    At trial, Lawless objected to the cross-examination testimony of Laura regarding his alleged assault on her and Faye in December1996 on the grounds that it was not relevant to the direct examination and not proper rebuttal. On appeal, however, Lawless changed his objection, arguing that the evidence was not admissible for a relevant purpose under 404(b) and its probative value was outweighed by unfair prejudice. (Aplt.'s Brief-In-Chief at 20-21, 29-30.) Thus, Lawless effectively failed to object. Accordingly, our review is limited to plain error.

Rule 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs or acts . . . to prove the character of the person in order to show action in conformity therewith." However, such evidence is admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). To determine if the admission of evidence under Rule 404(b) was proper, we apply a four-part test. Hill, 60 F.3d at 676. Rule 404(b) requires that: (1) the evidence be offered for a proper purpose; (2) the evidence is relevant; (3) the district court determine under Fed. R. Evid. 403 that the probative value of the evidence does not substantially outweigh its potential for unfair prejudice; and (4) the district court give the jury proper limiting instructions upon request. *Id.* In this case, the district court implicitly determined that the probative value of the Rule 404(b) evidence was not substantially outweighed by the danger of unfair prejudice when it ruled that the evidence was admissible, *see* United States v. Mills, 29 F.3d 545, 549 (10th Cir. 1994); United States v. Patterson, 20 F.3d 809, 814 (10th Cir.), *cert. denied*, 513 U.S. 841 (1994),[5] and the court gave a limiting instruction on the use of the evidence.[6] Thus,

_____

[5] In addition, Lawless effectively deprived the district court of the opportunity to conduct Rule 403 balancing by failing to renew his objections to the bad acts evidence at trial.

[6] It is interesting to note that if the jury followed the instructions of the court, as we assume, then the jury did not consider the bad acts evidence in finding Lawless guilty. At Lawless' request, the court instructed the jury:

> During this trial, you have heard testimony of animosity between the Defendant, the Defendant's family and the family of the victim in this case. You have also heard testimony of other acts allegedly committed by the Defendant on other occasions. *You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the Indictment.* However, you may consider this evidence for other, very limited, purposes.
> *If you find beyond a reasonable doubt from other evidence in this case, that the Defendant did commit the acts as charged in the Indictment, then you may consider evidence of the similar acts allegedly committed on other occasions* to determine: (A) whether the Defendant acted according to a common scheme or plan;

(continued...)

whether the admission of the Rule 404(b) evidence was proper depends on whether the evidence was relevant and offered for a proper purpose and whether the district court erred in determining the probative value was not substantially outweighed by the danger of unfair prejudice.

After a thorough review of the record, we hold that in this case the district court did not abuse its discretion or commit plain error in admitting the evidence of prior bad acts against the Dawes family and their property pursuant to Rule 404(b). The evidence of prior bad acts against members of the Dawes family and their property was relevant and admitted for the proper purpose of establishing motive for Lawless' act of shooting Van Winkle, based on the longstanding animosity and conflict between the Petersons and the Dawes. *See* Hopkinson, 866 F.2d at 1198 ("Most of this [Rule 404(b)] evidence came in to illustrate the intensity of the disputes between [the defendant and the victim], and therefore helped to establish a motive for [the defendant] to kill [the victim]."). Thus, there was no abuse of discretion or error in admitting this evidence. In addition, the district court did not commit plain error in determining that the probative value was not substantially outweighed by the danger of unfair prejudice. Finally, the admission of the evidence of bad acts committed by Lawless against his own family, if error, did not affect a substantial right or seriously affect the fairness, integrity or public reputation of the trial. Thus, the admission of this evidence did not rise to the level of plain error.

**AFFIRMED.**

---

[6](...continued)
(B) whether the Defendant had a motive or the opportunity to commit the acts charged in the Indictment; (C) whether the Defendant acted according to a plan or in preparation for commission of a crime; or (D) whether the Defendant committed the acts for which he is on trial by accident or mistake.
(R.O.A., Vol. VI at 610-11) (emphasis added).

-10-

Entered for the Court:


James E. Barrett
Senior United States
Circuit Judge