UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

KERRY NEIL ENJADY,

     Defendant-Appellant.

No. 96-2285

ORDER

Filed March 25, 1998

Before BALDOCK, LOGAN, and EBEL, Circuit Judges.

     This matter is before the court on the government's motion to clarify the opinion filed in this appeal on January 20, 1998. The request is granted in part. The last full paragraph on page 12 of our original disposition is stricken. In its place, we substitute the following:

     We agree with David Karp, who drafted Rule 413, that similar acts must be established by "sufficient evidence to support a finding by the jury that the defendant committed the similar act," citing <u>Huddleston v. United States,</u> 485 U.S. 681, 685 (1988)(Rule 404(b) case). The district court must make a preliminary finding that a jury could reasonably find by a

preponderance of the evidence that the "other act" occurred.  <u>See</u> D. Karp, <u>Evidence of Propensity and Probability in Sex Offense Cases and Other Cases</u>, 70 Chi.-Kent L. Rev. 15, 19 (1994).

The remainder of the opinion remains unaltered.  A copy of the amended decision is attached to this order.  This order stands as a supplement to the mandate issued on March 3, 1998.

ENTERED FOR THE COURT

PATRICK J. FISHER, Clerk

By:

Randy Simmons
Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

MAR 25 1998

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KERRY NEIL ENJADY,

Defendant-Appellant.

No. 96-2285

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CR-95-252-JP)

Robert J. McDowell, Assistant Federal Public Defender, Las Cruces, New Mexico, for Defendant-Appellant.

Tara C. Neda, Assistant U.S. Attorney (John J. Kelly, United States Attorney, with her on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

Before BALDOCK, LOGAN, and EBEL, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Kerry Neil Enjady appeals his conviction by a jury of one count of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153, 2241(a)(1) and 2245(2)(A). Defendant asserts prejudicial error in the district court's admission, under Fed. R. Evid. 413, of testimony about a prior rape defendant allegedly committed, for three separate reasons: (1) the district court erroneously applied Rule 413 before its effective date; (2) Rule 413 is unconstitutional; and (3) if the rule is constitutional, the district court should have excluded the evidence as unduly prejudicial under Fed. R. Evid. 403. Defendant also argues that the district court abused its discretion in permitting the prosecution to cross-examine him concerning instances of violent contact that did not result in criminal convictions, because his direct testimony did not place his character for peacefulness or violence in issue.

The complaining witness, A, and defendant were both enrolled members of the Mescalero Apache Indian Tribe and the alleged rape occurred on the reservation. A, defendant, and others had been drinking at A's house in the late morning and afternoon. After A either passed out or fell asleep everyone else left the premises, but defendant later returned. A testified that she awoke to find defendant raping her. She reported the incident and medical personnel administered a rape kit.

Defendant was later arrested on other charges and interviewed by criminal investigator Mark Chino. Defendant initially denied that he returned to A's residence and

that he had any physical contact with her. When his blood sample provided a DNA match, however, defendant admitted having sex with A, but argued it was consensual.

The government sought the court's permission to introduce testimony from witness B that defendant had raped her approximately two years earlier. Consistent with its reading of congressional intent in adopting Rule 413, the government sought admission of B's testimony to show defendant's propensity to rape. The court delayed ruling until after the government introduced investigator Chino's testimony and defendant's written statement that defendant "wouldn't ever do something like this to anyone." I R. doc. 24, Gov't Ex. 2; IX R. 158. Applying Rule 403 balancing, the district court ruled that the testimony of the prior rape was relevant and admissible under Rule 413. In its balancing under Rule 403 the court considered the testimony's value both to show propensity and to rebut defendant's statement to Chino.

## I

Congress originally provided that new Fed. R. Evid. 413-415 would apply only "to proceedings commenced on or after the effective date." Pub. L. No. 103-322, Tit. XXXII § 320935(e). Rule 413 became effective on July 9, 1995. Defendant was indicted in May 1995 and tried in June 1996. The district court concluded that defendant's trial was "a discrete step in a criminal prosecution," IX R. 196, and that Rule 413 applied because defendant's trial commenced after the July 1995 effective date.

Within a month after defendant's trial, however, we held in <u>United States v.</u>
<u>Roberts</u>, 88 F.3d 872, 879 (10th Cir. 1996), that "rule [413] was not intended to apply to
criminal cases already pending as of the rule's effective date." We declined to apply Rule
413 to an indictment filed before July 1995.

In September 1996 Congress responded to <u>Roberts</u>, calling it an "erroneously
restrictive interpretation of the effective date language for the new rules." 142 Cong.
Rec. H12051-04 (1996). Congress amended the effective date language to provide that
new Rules 413-415 "shall apply to proceedings commenced on or after the effective date
of such amendments, including all trials commenced on or after the effective date of such
amendments." Pub. L. No. 104-208, Div. A, Tit. I, § 101(a). Thus Congress overruled
that part of <u>Roberts</u> that had narrowly interpreted the original effective date language.
The purpose and effect of this amendment was for Rules 413-415 to apply to all trials
commenced after July 10, 1995. Fed. R. Evid. 413(e).

"[R]ules of pleading and proof can [] be altered after the cause of action arises, and
even, if the statute clearly so requires, after they have been applied in a case but before
final judgment has been entered." <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211, 229
(1995) (citation omitted); <u>see</u> <u>also</u> <u>Landgraf v. USI Film Prods.</u>, 511 U.S. 244, 275 & n.29
(1994) ("the promulgation of a new rule of evidence would not require an appellate
remand for a new trial"). The 1996 amendment is the law at the time we decide
defendant's direct appeal, and we must give effect to the amendment. <u>Olcott v. Delaware</u>

- 4 -

<u>Flood Co.</u>, 76 F.3d 538, 547 (10th Cir. 1996).  We thus reject defendant's argument that Rule 413 should not have applied to his trial.

II

A

Defendant contends that allowing B's testimony of the prior sexual assault under Rule 413 to show propensity denied him a fair trial guaranteed by his constitutional right to due process.  He argues that admission of propensity evidence creates the danger of convicting a defendant because he is a "bad person," thus denying him a fair opportunity to defend against the charged crime.  <u>See</u> <u>Michelson v. United States</u>, 335 U.S. 469, 475-76 (1948).  Defendant asserts that introduction of such evidence undermines the presumption of innocence and permits convicting him on less than proof beyond a reasonable doubt.

We agree that Rule 413 raises a serious constitutional due process issue.  The rule was passed by a Congress that overrode concerns expressed by the Judicial Conference and its Advisory Committee on the Federal Rules of Evidence and its Advisory Committee on the Federal Rules of Criminal Procedure.  A number of commentators have expressed views on its constitutionality, several arguing that it is unconstitutional.[1]

---

[1]  <u>See</u>, <u>e.g.</u>, M. Sheft, <u>Federal Rule of Evidence 413:  A Dangerous New Frontier</u>, 33 Am. Crim. L. Rev. 57 (1995); L. Natali & R. Stigall, <u>"Are You Going to Arraign His Whole Life?":  How Sexual Propensity Evidence Violates the Due Process Clause</u>, 28 Loy. U. Chi. L.J. 1 (1996).

In order to prove a due process violation defendant must show that Rule 413 fails the "fundamental fairness" test and "violate[s] those fundamental conceptions of justice which lie at the base of our civil and political institutions." Dowling v. United States, 493 U.S. 342, 352-53 (1990) (citations and quotations omitted). The Supreme Court has defined narrowly those infractions that violate fundamental fairness, and declared that "[b]eyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." Id. at 352; see also United States v. Lovasco, 431 U.S. 783, 789-90 (1977). Defendant asserts that the historic exclusion of prior bad acts evidence to prove propensity to commit the charged crime is so basic to our criminal justice system that it falls within the narrowly defined "fundamental fairness" arena.

The Supreme Court has explained the rationale for the historical ban on use of prior bad acts as propensity evidence:

> The state may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.

Michelson, 335 U.S. at 475-76 (footnotes omitted). Despite this strong language, various exceptions to this exclusionary rule have developed. For example, prior bad acts evidence may be used to prove motive, opportunity, intent, preparation, plan, knowledge,

identity, absence of mistake or accident, and to impeach. See, e.g., Fed. R. Evid. 404(b), 405, 406, 608 and 609; see also USSG § 4A1.3 (allowing sentence enhancement for prior criminal conduct not resulting in conviction). Of course, Rule 403 balancing may require the district court to exclude this relevant evidence if its admission would be fundamentally unfair. Ad. Comm. Notes to Rule 403 (court should exclude evidence that has "an undue tendency to suggest decision on an improper basis").

In passing Rule 413 Congress believed it necessary to lower the obstacles to admission of propensity evidence in a defined class of cases. Its rationale for sexual assault cases includes the assistance it provides in assessing credibility:

> Similarly, sexual assault cases, where adults are the victims, often turn on difficult credibility determinations. Alleged consent by the victim is rarely an issue in prosecutions for other violent crimes--the accused mugger does not claim that the victim freely handed over his wallet as a gift--but the defendant in a rape case often contends that the victim engaged in consensual sex and then falsely accused him. Knowledge that the defendant has committed rapes on other occasions is frequently critical in assessing the relative plausibility of these claims and accurately deciding cases that would otherwise become unresolvable swearing matches.

140 Cong. Rec. S129901-01, S12990 (R. Dole, Sept. 20, 1994).

Prosecutors often have only the victim's testimony, with perhaps some physical evidence, linking a defendant to the sexual assault. Unlike other crimes, the defendant may raise consent as a defense--as he did here--reducing the trial to a "swearing match" and diffusing the impact of even DNA evidence. Rule 413 is based on the premise that evidence of other sexual assaults is highly relevant to prove propensity to commit like

crimes, and often justifies the risk of unfair prejudice. Congress thus intended that rules excluding this relevant evidence be removed. 140 Cong. Rec. H8968-01, H8992 (S. Molinari, Aug. 21, 1994).

The principal arguments that Rule 413 is unconstitutional are based, at least in part, on the assumption that Rule 403 is inapplicable. The Rule 413(a) language "is admissible" can be read as trumping Rule 403 and requiring admission of such evidence in all circumstances. The legislative history, however, indicates that the district court must apply Rule 403 balancing and may exclude such evidence in an appropriate case. See 140 Cong. Rec. H8968-01, H8991 (S. Molinari Aug. 21, 1994) ("In other respects, the general standards of the rules of evidence will continue to apply, including the restrictions on hearsay evidence and the court's authority under evidence rule 403 to exclude evidence whose probative value is substantially outweighed by its prejudicial effect. . . . The presumption is in favor of admission."); id. S12990-01, S12990 (R. Dole, Sept. 20, 1994) ("The presumption is that the evidence admissible pursuant to these rules is typically relevant and probative, and that its probative value is not outweighed by any risk of prejudice."); id. H5437-03, H5438 (J. Kyl, June 29, 1994) ("The trial court retains the total discretion to include or exclude this type of evidence."). Even without reference to the legislative history, we agree with the Eighth Circuit that adoption of this rule without any exclusion of or amendment to Rule 403 makes Rule 403 applicable, as it is to others of the rules of evidence. See United States v. Sumner, 119 F.3d 658, 661-62 (8th

Cir. 1997) (Rule 414); see also United States v. Larson, 112 F.3d 600 (2d Cir. 1997) (same). We held in United States v. Meacham, 115 F.3d 1488, 1492 (10th Cir. 1997), that Rule 414 was subject to Rule 403 balancing.

Thus, the narrow issue before us is whether Rule 413's presumption in favor of admission violates fundamental fairness. The Supreme Court has not held that admission of prior acts evidence to show propensity would necessarily violate a defendant's right to a fair trial. The relevant opinions do, however, "stand[] for the proposition that a trial is fundamentally fair, and thus consistent with due process, when uncharged misconduct evidence is admitted for a non-character or sentencing purpose." M. Sheft, Federal Rule of Evidence 413: A Dangerous New Frontier, 33 Am. Crim. L. Rev. 57, 79 (1995) (emphasis added); see Estelle v. McGuire, 502 U.S. 62, 69 & 75 n.5 (1991) (in habeas corpus case, upholding admission of evidence that victim suffered from "battered child syndrome" to establish intent, expressly reserving "whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime"); Dowling, 493 U.S. at 352-53 (identification testimony from residential burglary victim in bank robbery case admissible even though defendant acquitted on burglary charge; this evidence was "at least circumstantially valuable in proving petitioner's guilt" and did not impair trial's fundamental fairness).

In Spencer v. Texas, 385 U.S. 554 (1967), the Supreme Court rejected a due process challenge to Texas habitual criminal statutes that permitted introduction during

trial of a defendant's convictions for the same or similar offense, with a limiting instruction to the jury. A partially dissenting opinion in that case did state that "our decisions . . . suggest that evidence of prior crimes introduced for no purpose other than to show criminal disposition would violate the Due Process Clause." Id. at 574 (Warren, C.J., dissenting in part, concurring in part). One reason the majority in Spencer gave for upholding the validity of the Texas statutes was that "it has never been thought that [the Court's Due Process Clause fundamental fairness] cases establish this Court as a rule-making organ for the promulgation of state rules of criminal procedure." Id. at 564. Rule 413 is a federal rule, of course, and most federal procedural rules are promulgated under the auspices of the Supreme Court and the Rules Enabling Act. But we must recognize that Congress has the ultimate power over the enactment of rules, see 28 U.S.C. § 2074, which it exercised here.

The due process arguments against the constitutionality of Rule 413 are that it prevents a fair trial, because of "settled usage"--that the ban against propensity evidence has been honored by the courts for such a long time that it "must be taken to be due process of law," Hurtado v. California, 110 U.S. 516, 528 (1884); because it creates a presumption of guilt that undermines the requirement that the prosecution must prove guilt beyond a reasonable doubt, see Estelle, 502 U.S. at 78 (O'Connor, J., concurring); and because if tendered to demonstrate the defendant's criminal disposition it licenses the

jury to punish the defendant for past acts, eroding the presumption of innocence that is fundamental in criminal trials.  See Sheft, supra, at 77-82.

That the practice is ancient does not mean it is embodied in the Constitution. Many procedural practices--including evidentiary rules--that have long existed have been changed without being held unconstitutional.  The enactment of the Federal Rules of Evidence and subsequent amendments are examples.  See also Spencer, 385 U.S. 554. Even critics of Rule 413 acknowledge the merits of the rule:

> First, it continues the movement toward focusing on the perpetrators, rather than the victims, of sexual violence.  Since neither stranger nor acquaintance rapes generally occur in the presence of credible witnesses, this rule permits other victims to corroborate the complainant's account via testimony about the defendant's prior sexually assaultive behavior.  Broader admissibility of prior rapes places before the jury evidence that the defendant "lacks [the] moral inhibitions that would prevent him from committing rapes" and implies that the threat of criminal sanctions has not deterred the defendant in the past.  Corroboratory information about the defendant also limits the prejudice to the victim that often results from jurors' tendencies to blame victims in acquaintance rape cases.  Thus, like rape shield statutes codified in the federal and state rules of evidence, Rule 413 encourages rape reporting and increased conviction rates by directing the jury's attention to the defendant.

Sheft, supra, at 69-70 (footnotes omitted).  The Supreme Court has recognized that prior instances of violent behavior are an important indicator of future violent tendencies.  See, e.g., Kansas v. Hendricks, 117 S. Ct. 2072, 2080 (1997).  Nevertheless, without the safeguards embodied in Rule 403 we would hold the rule unconstitutional.

Rule 403 requires that if the trial court concludes the probative value of the similar crimes evidence is outweighed by the risk of unfair prejudice it must exclude the

evidence.  But the exclusion of relevant evidence under Rule 403 should be used infrequently, reflecting Congress' legislative judgment that the evidence "normally" should be admitted.  See 140 Cong. Rec. H8992 (S. Molinari, Aug. 21, 1994); see also Wheeler v. John Deere Co., 862 F.2d 1404, 1408 (10th Cir. 1988); Meacham, 115 F.3d at 1491 (Rule 414 favors liberal admission of propensity evidence despite application of Rule 403 balancing).  Rule 403 balancing in the sexual assault context requires the court to consider:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence.  When analyzing the probative dangers, a court considers:  1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

Sheft, supra, at 59 n.16.

We agree with David Karp, who drafted Rule 413, that similar acts must be established by "sufficient evidence to support a finding by the jury that the defendant committed the similar act," citing Huddleston v. United States, 485 U.S. 681, 685 (1988) (Rule 404(b) case).  The district court must make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the "other act" occurred.  See D. Karp, Evidence of Propensity and Probability in Sex Offense Cases and Other Cases, 70 Chi.-Kent L. Rev. 15, 19 (1994).

Also, Rule 413(b) requires that the government disclose to defendant the similar crimes evidence to be offered no later than fifteen days before trial (unless shortened by court order). This notice period protects against surprise and allows the defendant to investigate and prepare cross-examination. It permits the defendant to counter uncharged crimes evidence with rebuttal evidence and full assistance of counsel. See Karp, supra, at 18-22.

Finally, we note one of Congress' expressed rationales for Rule 413--the need for corroborating evidence when the alleged rapist claims consent, and there are no witnesses other than the defendant and the alleged victim. The evidence has undeniable value in bolstering the credibility of the victim. Such evidence has long been recognized as admissible to impeach a defendant's testimony. See, e.g., Spencer, 386 U.S. at 561. This is considered a purpose for the evidence other than propensity. Id. at 577. It is no great stretch to permit the evidence to be introduced in the case-in-chief when defense counsel--as in the instant case--has made it clear that consent will be the defense. Considering the safeguards of Rule 403, we conclude that Rule 413 is not unconstitutional on its face as a violation of the Due Process Clause.

B

Defendant claims that Rule 413 violates his right to equal protection because it allows unequal treatment of similarly situated defendants concerning a fundamental right.

- 13 -

Because he did not raise this constitutional issue before the district court we review only for plain error. United States v. Orr, 864 F.2d 1505, 1508-09 (10th Cir. 1988).

"[I]f a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relation to some legitimate end." Romer v. Evans, 116 S. Ct. 1620, 1627 (1996). Under our due process analysis Rule 413 does not violate, on its face, a defendant's fundamental right to a fair trial. Thus the rational basis test applies, and a "strong presumption of validity" attaches to the evidentiary classification made in enacting Rule 413. Heller v. Doe, 509 U.S. 312, 319 (1993) (citing FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993)). Congress' objective of enhancing effective prosecution for sexual assaults is a legitimate interest. The nature of sex offense prosecutions frequently involves victim-witnesses who are traumatized and unable to effectively testify, and offenders often have committed many similar crimes before their arrest on the charged crime. Karp, supra, at 24-25. Defendant's equal protection claim is without merit.

III

Defendant argues that even if Rule 413 is constitutional, the district court abused its discretion in finding, under Rule 403, the probative value of B's testimony concerning the prior rape outweighed the risk of prejudice. See United States v. Patterson, 20 F.3d 809, 815 (10th Cir. 1994). We may uphold a district court's evidentiary ruling on any

ground supported by the record. <u>United States v. Martinez</u>, 76 F.3d 1145, 1148 (10th Cir. 1996).

Although the district court must recognize the congressional judgment that Rule 413 evidence is "normally" to be admitted, it also must engage in Rule 403 balancing. The district court did so in the instant case. When the government sought a pretrial ruling on the admissibility of B's testimony the court deferred ruling until it ascertained at trial what other evidence the government would produce and, presumably, whether the evidence was needed. The court forbade mention of the alleged prior rape in the government's opening statement.

When the court did allow B's testimony it found the evidence admissible both to show propensity and to rebut defendant's assertions to investigator Chino--which were in evidence, through Chino's testimony and defendant's signed statement--that defendant would "never do something like this to anyone." I R. doc 24, Gov't Ex. 2; IX R. 196; X R. 454-55.

In the instant case defense counsel sought a hearing outside the presence of the jury before allowing B's testimony, presumably to require the judge to find by a preponderance of the evidence that the prior rape occurred. The district court denied that hearing, stating that B's credibility was a question for the jury. Although B's credibility is a matter for the jury, we can easily conceive of situations in which such a ruling by the court would be an abuse of discretion. But here the government established that B had

filed a contemporaneous police report and it presented the investigating officer's testimony about why the alleged rape of B was not prosecuted.

In the case before us the government gave prior notice of the government's intent to use B's testimony and the defense had the opportunity to investigate and prepare. At trial the defense briefly but effectively cross-examined B and Officer Chino about the incident. The defense also recalled Chino in presenting its defense, and used him to establish an inconsistency between B's trial testimony and her report at the time of the alleged rape.

Finally, the court allowed B's testimony in the government's case-in-chief only after hearing defense counsel's opening statement revealing the consent defense and after Chino testified that defendant asserted that he would never rape anyone. Thus, although not technically rebuttal evidence, the Rule 413 testimony effectively rebutted defendant's position. The district court engaged in Rule 403 balancing, and did not abuse its discretion in admitting B's testimony under Rule 413.

IV

Defendant finally contends that the district court abused its discretion in permitting the prosecution to cross-examine him concerning alleged instances of violent conduct that did not result in criminal convictions. Defendant stated in his direct testimony that he knew right from wrong and did not want to commit perjury. On cross-examination the government began to inquire about specific instances of defendant's violent conduct

- 16 -

toward women. Defense counsel objected based only on Fed. R. Evid. 609 (impeachment by evidence of conviction of crime). Defendant argues on appeal that the prosecutor's cross-examination was improper because defendant's testimony on direct examination did not place his character for peaceableness or violence in issue. See Fed. R. Evid. 404(a)(1). Because defendant failed to raise the Rule 404(a) issue at trial, we now review only for plain error. See United States v. Jones, 44 F.3d 860, 875 (10th Cir. 1995).

In its cross-examination the government first asked whether defendant hit his girlfriend Stephanie Torres, the mother of his young child. Defendant admitted doing so, stating it was a one time mistake that he regretted. The prosecutor next attempted to elicit that defendant "beat up" another girlfriend in Ruidoso; but because the prosecutor lacked her name or a specific date, the court instructed the jury to disregard the question. The prosecutor continued to question defendant about that alleged incident; defendant ultimately admitted only to arguing with that individual but not to abusing her. The prosecutor finally inquired whether defendant was incarcerated during the time period between the alleged rape charged in the case before us and his arrest. Defendant denied being incarcerated.

Defendant's direct testimony portrayed him as a truthful person with a Catholic upbringing. His counsel "reluctantly" agreed that this testimony opened the door to cross-examination about incidents reflecting on his knowledge of the difference between right and wrong. IX R. 323. But the specific instances at issue here did not involve defendant

distinguishing right from wrong.  Thus, the cross-examination was not proper under Rule 404(a)(1).  Because these incidents did not result in criminal convictions, defendant's Fed. R. Evid. 609 objection was inapposite.

We thus consider whether the government cross-examination amounted to plain error.  Plain error is that which is obvious, or which seriously affects the fairness or integrity of the trial.  United States v. Thody, 978 F.2d 625, 631 (10th Cir. 1992).  The cross-examination was brief, and the government presented an overwhelming case against defendant:  DNA evidence, medical personnel testimony describing A's physical injuries and hysterical condition after the assault, defense witness Torres' testimony that A was not bruised when the group left A's house the day of the attack, and defendant's damaged credibility because he first denied sexual contact and then effectively testified that A seduced him.  We cannot conclude that defendant's trial was seriously lacking in fairness because of the prosecutor's improper impeachment efforts.

AFFIRMED.