HOLLOWAY, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority opinion in its reasoning and disposition on most of the issues presented. However, I am unable to agree as to two portions of the opinion, the analysis of the due process challenge to Fed. R.Evid. 414 in Part 1(A)(1) and the analysis and disposition of the downward departure issue in Part V.
First, the majority opinion makes an exhaustive analysis of the validity of Rule 414 under the Due Process Clause of the Fifth Amendment. To me, the opinion properly turns first to our recent holding in United States v. Enjady, 134 F.3d 1427 (10th Cir.1998), that Fed.R.Evid. 413, which allows the admission of evidence of the defendant’s commission of another offense or offenses of sexual assault in a criminal case charging an offense of sexual assault, does not on its face violate the due process rights of a defendant. Id. at 1433 (“Considering the safeguards of Rule 403, we conclude that Rule 413 is not unconstitutional on its face as a violation of the Due Process Clause.”).. Having cited this holding of our Enjady opinion on Rule 413, the majority opinion quite reasonably concludes that “[w]e now hold that Rule 414 does not on its face violate the Due Process Clause.” Op. at 880.
In Rules 413 and 414, we are considering companion provisions adopted by the Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103-322. To me, it is enough to say that in light of our reasoning that Rule 413 (which applies more broadly to cases of “sexual assault”) does not violate due process rights on its face, the parallel provision of Rule 414 applying to “child molestation” likewise is valid because no principled distinction may be drawn between the two Rules. I would thus avoid the extended analysis that follows discussing numerous Supreme Court decisions, the “lustful disposition” rule in state jurisprudence, and historical inferences. Our recent Enjady opinion adequately decides the facial due process issue before us, and I would go no further than to rely upon it. Thus I do not join the due process analysis of the majority opinion beyond its reliance on Enjady in disposing of the facial due process challenge to Rule 413.
Second, I respectfully dissent from the majority’s reasoning and disposition as to the downward departure issue which Castillo presents. To me, the record remarks by the trial judge here make it very clear that he concluded he did not have jurisdiction to consider the downward departure request of Castillo. At the sentencing hearing, the judge said:
THE COURT: I don’t know the problems, Mr. Butcher, that—you know, you don’t really fit a downward departure under the guidelines. I’ve got to be—I’d much rather depart downward, frankly, but, you know, I’ve taken an oath; just like everybody else, I have to uphold it. There are no circumstances here that I see that would allow me to, in good conscience, depart downward, and, you know, you run a risk when you go to trial, who did the jury believe, and so—.
Attachment G, p. 7 (emphasis added).
Take me up on this sentencing. If there’s any way that the folks up above can say I can depart, I will depart, but I don’t see how I can do it so—.
Id. at 10-11 (emphasis added).
We have held that where the trial court’s remarks indicate that it believes it lacked the authority under the Guidelines to depart, that legal issue is reviewable by this court. United States v. Haggerty, 4 F.3d 901, 903 (10th Cir.1993). We have made it plain, how *890 ever, that unless the judge’s language unambiguously states that he does not believe he has authority to downward depart, we will not review his decision. United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir.1994).
Here several points make plain the judge’s conclusion that he lacked authority to depart downward. He said he would “much rather depart downward,” but that he had “taken an oath____” Attachment G at 7. Then, he encouraged an appeal, saying, “Take me up on this sentencing.” Id. at 10. Last, he added: “If there’s any way that the folks up above can say I can depart, I will depart.” Id. By the time of these remarks in 1996, the judge undoubtedly knew that no appeal would lie unless he was stating his belief of a lack of authority to depart, not a discretionary decision not to depart. Thus his suggestion of an appeal makes his views plain.
Accordingly, I respectfully dissent from the dismissal of the defendant’s appeal of the denial of a downward departure. I otherwise concur in part and dissent in part as to the majority opinion, as explained above.