**F I L E D**

**UNITED STATES COURT OF APPEALS**        MAR 24 2000

**TENTH CIRCUIT**                         **PATRICK FISHER**
                                          **Clerk**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.                                        No. 99-3083
                                          (D.C. No. 98-CR-20044)
ANTHONY HODGES,                           (Kansas)

      Defendant-Appellant.

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Anthony Hodges appeals his convictions under 18 U.S.C. §§ 841(a) and 2 for possession of a controlled substance with intent to distribute or for aiding and abetting the same. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On May 4, 1998, the Kansas City Police Department attempted to stop a vehicle in which they believed narcotics were being carried. When the driver of the vehicle failed to stop, an unmarked police vehicle pulled along side of it. Both officers in the unmarked vehicle testified that they could see the frontseat passenger pass drugs to the backseat passenger, who then secreted the drugs in her pants. At trial it was established that Mr. Hodges was the frontseat passenger and Joegina Davis was the backseat passenger. After successfully stopping the vehicle, police found ten ounces of crack cocaine secreted down the front of Ms. Davis' pants.

At trial, Ms. Davis testified that once they realized they were being pulled over by officers, Mr. Hodges passed the drugs to her to hide on her person. Mr. Hodges argues on appeal that officers coerced this testimony from Ms. Davis making its admission against him a violation of his due process rights. Because Mr. Hodges failed to object, we review the court's admission of Ms. Davis' testimony for plain error. *See* Fed. R. Crim. P. 52(b). "'Plain error is that which is obvious, or which seriously affects the fairness or integrity of the trial.'" *United States v. Deters*, 184 F.3d 1253, 1258 (10th Cir. 1999) (quoting *United States v. Enjady*, 134 F.3d 1427, 1435 (10th Cir. 1998)).

We have previously held that a defendant's due process rights are violated where a witness is coerced into making false statements and those statements are

admitted at the defendant's trial. *See United States v. Gonzales*, 164 F. 3d 1285, 1289 (10th Cir. 1999); *Clanton v. Cooper*, 129 F.3d 1147, 1157-58 (10th Cir. 1997). Both *Gonzales* and *Clanton* relied on the premise that involuntary or coerced statements are presumed unreliable. It is because of this unreliability that a defendant may object to its use at trial. *See Gonzales*, 164 F.3d at 1291 n.2; *Clanton*, 129 F.3d at 1157-58; *see also Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994) (coerced confessions are less reliable than voluntary ones, making their use at trial a violation of defendant's due process rights); *People v. Douglas*, 788 P.2d 640, 655 (Cal. 1990) ("the exclusion is based on the idea that coerced testimony is inherently unreliable, and that its admission therefore violates defendant's right to a fair trial").

Mr. Hodges does not attempt to argue that Ms. Davis' testimony was unreliable or false, and any such argument would fail since two officers fully corroborated her testimony. Even if Ms. Davis' testimony was coerced, therefore, any unreliability was overcome by the officers' corroboration and it could not have adversely affected the fairness of Mr. Hodges' trial. *See, e.g.*, *Wilcox v. Ford*, 813 F.2d 1140, 1149 (11th Cir. 1987) (admission of allegedly coerced witness testimony did not violate defendant's due process rights where testimony was corroborated by other evidence and thus not unreliable); *Williams v. Calderon*, 48 F. Supp.2d 979, 1001-02 (C.D. Cal. 1998) (corroboration by other

witnesses demonstrated reliability of alleged coerced testimony and therefore admission did not violate defendant's due process rights).

Mr. Hodges next argues the district court erred in giving an aiding and abetting instruction. When objecting to the instruction, Mr. Hodges argued to the district court, as he does here on appeal, that the government failed to bring forth any evidence showing Ms. Davis had the intent to distribute the narcotics found in her possession on May 4. We review the court's decision on whether to give a particular jury instruction for an abuse of discretion. *See United States v. Adkins*, 196 F.3d 1112, 1114 (10th Cir. 1999).

"[A]s a prerequisite to aiding and abetting the government is required to prove that 'someone has committed' the underlying substantive offense." *United States v. Langston*, 970 F.2d 692, 705 n.12. After reviewing the trial testimony, we believe the government has proven such here. Ms. Davis testified that Mr. Hodges gave her the narcotics found in her possession on May 4, and that she voluntarily pled guilty to possession with intent to distribute those narcotics. Ms. Davis also testified that she had sold crack cocaine in the past, and she believed the crack cocaine found in her possession on May 4 would also be sold. Ms. Davis' testimony establishes that she committed the substantive offense of possession with intent to distribute, and that Mr. Hodges aided and abetted her commission of that offense by passing her the crack cocaine. "When more than

-4-

one person is involved in a criminal act, the district court may properly submit an aiding and abetting instruction to the jury," *United States v. Scroger*, 98 F.3d 1256, 1262 (10th Cir. 1996), and the district court did not abuse its discretion in doing so here.

Mr. Hodges' final argument is that the aiding and abetting instruction failed to properly state the law. We review the jury instruction de novo to determine whether it accurately stated the governing law. *See Adkins*, 196 F.3d at 1114. Mr. Hodges contends the aiding and abetting instruction given at his trial failed to instruct the jury that the government must prove someone besides the defendant committed the substantive offense.

This argument ignores the substance of the jury instruction. The instruction stated that to convict Mr. Hodges for aiding and abetting, the jury must "find beyond a reasonable doubt" that the charged act was "*done by another person or persons than the defendant*, but that said defendant willfully aided [and] abetted . . . the commission of the act." Rec., vol. I, doc. 21, Instruction No. 11 (emphasis added). This instruction clearly states that the jury must find someone besides Mr. Hodges guilty of the substantive crime to find him guilty of aiding and abetting. Mr. Hodges' argument in this regard is without merit.

Mr. Hodges' convictions are **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge