**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALAN HOUSTON JOHNSON,

    Defendant-Appellant.

No. 11-1095

(D.C. No. 1:10-CR-00113-PAB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Alan Houston Johnson appeals his convictions of one count of interference with a flight attendant by assault and intimidation, under 49 U.S.C. § 46504, and three counts of abusive sexual contact on an aircraft, under 49 U.S.C. § 46506 and 18 U.S.C. § 2244(b).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Johnson contends the district court erred in applying Federal Rules of Evidence 413 and 404(b) to admit evidence of three prior sexual assaults. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

On February 16, 2010, Johnson boarded a flight from Chicago to Denver. On that flight, he touched a flight attendant on her buttocks and upper leg, ROA, Vol. 3 at 291, and grabbed a second flight attendant's buttocks on two separate occasions. Id. at 359, 361. He also threw a full cup of water at the second flight attendant. Id. at 366. Finally, Johnson thrust his genitals against a female passenger's buttocks as she exited the airplane bathroom; she had to "wriggle away" to get by him. Id. at 313. Based on these actions, a grand jury indicted Johnson on four counts: one count of interference with a flight attendant by assault and intimidation, in violation of 49 U.S.C. § 46504, and three counts of abusive sexual contact on an aircraft, in violation of 49 U.S.C. § 46506 and 18 U.S.C. § 2244(b). The three counts of abusive sexual contact required that the contact be "with an intent to . . . arouse or gratify the sexual desire of any person." A jury convicted Johnson of all four counts.

In his defense at trial, Johnson argued he had a mental illness that prevented him from forming the requisite intent for the three abusive sexual contact counts and that any contact was incidental. Aplt. Br. at 3; ROA, Vol. 3 at 278–79, 283. In response, the United States sought to introduce evidence of three prior acts, intending to show that the physical contacts at issue were not inadvertent but rather intentional acts designed to

2

arouse or gratify Johnson's sexual desires. ROA, Vol. 3 at 86–88. Specifically, the government sought to admit evidence that:

1. On February 3, 2010, Johnson entered a retail music store in Davidson, North Carolina, waited until he could be alone with a female clerk, and then bumped his crotch against her buttocks. Id., Vol. 1 at 51–52.

2. On February 3, 2010, Johnson entered another retail store, in Huntsville, North Carolina, grabbed a female clerk's buttocks, and then pressed his crotch against the female clerk's buttocks while making a sexual comment and touching her breasts with his hands. Id. at 52.

3. On February 2, 2010, Johnson accosted a woman at Piedmont Community College, in Charlotte, North Carolina, and forcibly kissed her on the lips. Id. at 53.

The government sought to admit the music store incident and the retail store incident under both Rule 413 and 404(b), and the forcible kissing incident under 404(b). Id., Vol. 3 at 67. Johnson objected to the introduction of any of the prior acts evidence, arguing that the evidence was not admissible under Rules 413 and 404(b), and that under Rule 403 the evidence would be unfairly prejudicial. The district court determined that evidence of all three prior acts was admissible and gave a limiting instruction pursuant to Rule 404(b) for all three of the incidents. Id. at 474. Johnson appeals the district court's decision to admit evidence concerning the prior acts, continuing to argue the evidence was inadmissible under Rules 413 and 404(b), and unduly prejudicial under Rule 403.

3

We review challenges to the district court's evidentiary rulings under an abuse of discretion standard. United Stated v. Mares, 441 F.3d 1152, 1156 (10th Cir. 2006). This "means we will not disturb the district court's ruling 'absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment.'" United States v. Batton, 602 F.3d 1191, 1196 (10th Cir. 2010) (quoting United States v. Stiger, 413 F.3d 1185, 1194 (10th Cir. 2005)). If we conclude that the district court erred in admitting the evidence in question, we then consider whether the error was nonetheless harmless. Stiger, 413 F.3d at 1197.

III.

The district court admitted evidence of the music store incident and the retail store incident under both Rule 413 and 404(b). Rule 413 reads, "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." Under Rule 413, we "liberally admit evidence of prior uncharged sex offenses." United States v. Meacham, 115 F.3d 1488, 1492 (10th Cir. 1997) (internal citation and quotation marks omitted). Rule 413 provides "an exception to the general rule codified in Rule 404(a), which prohibits the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts." United States v. Benally, 500 F.3d 1085, 1089 (10th Cir. 2007). In determining whether prior sexual assault evidence is admissible, the district court must determine whether "(1) the defendant is accused of a

crime involving sexual assault or child molestation, (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation, and (3) the evidence is relevant." Id. at 1090 (citations omitted). The district court must also determine whether the jury could reasonably find by a preponderance of the evidence that the prior acts at issue actually occurred. United States v. Enjady, 134 F.3d 1427, 1433 (10th Cir. 1998). Johnson does not contend that the evidence failed to meet these threshold requirements.

After satisfying the threshold requirements set forth in Benally, Rule 413 evidence must also satisfy the Rule 403 balancing test, 500 F.3d at 1089, which states that relevant evidence "may be excluded if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. In conducting the balancing test, the district court should consider:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely it is such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

Benally, 500 F.3d at 1090. In considering probativeness, the district court may, if it chooses, consider (1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4)

5

the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony. Id. at 1090–91. In evaluating Rule 413 evidence under Rule 403, the district court must "fully evaluate the proffered . . . evidence and make a clear record of the reasoning behind its findings." United States v. Guardia, 135 F.3d 1326, 1331 (10th Cir. 1998).

Here, Johnson argues that the district court failed to evaluate whether the prior acts evidence would contribute to an improperly-based jury verdict or distract the jury from the central issues of the trial, and whether there was a need for evidence beyond the defendant's and alleged victim's testimony. Aplt. Br. at 10, 13. Johnson primarily relies on what he characterizes as the more serious nature of the prior acts to argue that they would contribute to an improperly-based jury verdict. However, Johnson offers no support for this argument, and we have applied Rule 413 to uphold the admission of more serious prior acts than the act charged. See, e.g., Benally, 500 F.3d at 1086, 1088 (upholding admission of evidence concerning four prior rapes under Rule 413 in support of a charge of aggravated sexual abuse of a minor); Enjady, 134 F.3d at 1429 (upholding admission of evidence concerning a prior rape under Rule 413 in support of a charge of aggravated sexual abuse). The fact that prior acts are more serious than the act charged does not preclude their admission under Rule 413 or 403, so, assuming the prior acts in this case were more serious than the charged acts, the district court in this case did not err in admitting them over Johnson's objection. Finally, although the prior act evidence was admissible under Rule 413, the district court agreed to give a Rule 404(b) limiting

6

instruction regarding the prior act evidence, which further narrows the possibility of an improperly-based jury verdict.

Johnson also argues that the evidence lacked probative value because the female passenger's husband testified at trial that he saw Johnson touch one of the flight attendants twice. This argument seems to suggest the husband's testimony would indicate the touching was intentional, thereby reducing the need to admit evidence of prior acts to show intent. However, as Johnson argued at trial, the jury might be less inclined to believe the passenger's husband, since the alleged abusive sexual contact involved his wife, giving him a personal interest in the outcome of the case. ROA, Vol. 3 at 838–39. Moreover, because Johnson argued that he lacked the requisite intent for the contact on the plane, the district court correctly determined that admitting this evidence would shed light on Johnson's motive and should be admitted. Id., Vol. 1 at 96.

As his final argument in opposition to the admission of this evidence under Rule 413, Johnson argues that the district court failed to consider whether additional evidence was needed beyond the defendant's and alleged victim's testimony, as suggested in Benally, 500 F.3d at 1090–91. However, contrary to Johnson's contention, Benally did not hold that "the district court must consider" this factor, Aplt. Br. at 8 (emphasis added), but rather "enumerated considerations which may influence the court's analysis." Benally, 500 F.3d at 1090–91 (emphasis added). Thus a bare allegation that the district court failed to consider this factor, without any explanation of the significance of the court's failure to consider it, does not sway us to conclude that the district court abused its

discretion in admitting the Rule 413 evidence.

In sum, the district court fulfilled its obligations under Rule 413 and Rule 403 to evaluate the evidence and made a clear record of its findings in support of its ruling to admit the prior act evidence. The district court did not abuse its discretion in admitting the challenged evidence.

IV.

Although the music store incident and the retail store incident were properly admitted under Rule 413, the district court also admitted them under Rule 404(b). Further, the district court admitted the forcible-kissing incident under Rule 404(b) because it concluded the evidence did not fall within Rule 413. ROA, Vol. 3 at 67. "Evidence is admissible under Rule 404(b) if the following factors are satisfied: (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction, if it is requested by the defendant." United States v. Schene, 543 F.3d 627, 642–43 (10th Cir. 2008) (internal citations and quotation marks omitted). The prior conduct must also be similar to the charged conduct. Mares, 441 F.3d at 1157. In assessing similarity, we may consider: "(1) whether the acts occurred closely in time; (2) geographical proximity; (3) whether the charged offense and the other acts share similar physical elements; and (4) whether the charged offense and the other acts are part of a common scheme." Id. at 1158 (internal citations and quotation marks omitted). "Our cases make clear that the degree to

8

which factors such as temporal distance and geographical proximity are important to a determination of the probative value of similar acts will necessarily depend on the unique facts of each case's proffered evidence." Id. at 1159.

In the present case, Johnson argues on appeal that the three prior incidents were not similar to the charged offenses because they lacked similar elements and geographical proximity; that they were only admitted to show propensity to commit a crime and were not admitted for a proper purpose; and that the probative value of the forcible kiss incident was substantially outweighed by its danger of unfair prejudice. Aplt. Br. at 16–17.

In its 404(b) analysis, the district court began by noting that the three prior incidents all differed from the charged acts in a number of ways, but then noted that they were all similar in that each prior incident and the incidents underlying the present charge involved Johnson's intentional contact of a sexual nature with a virtual stranger. ROA, Vol. 3 at 97. The court also noted that the events were temporally close to the charged acts, in that all of these contacts occurred in February 2010. Id. at 98. While Johnson argues that the geographic distance separating the events makes them dissimilar, that factor is simply inapposite in a case like this, where the geographic diversity of the acts has no bearing on their similarity. The district court did not abuse its discretion in determining that the prior acts bore significant similarity to the charged acts.

Johnson next argues that "neither the district court nor the government explained how the evidence of the prior sexual contacts or the 'forcible kiss' proved Mr. Johnson's

9

intent or motive on the plane without the inference that Mr. Johnson has the propensity to commit the crimes charged." Aplt. Br. at 17. In reviewing the evidence, the district court noted that Johnson claimed the contacts on the plane were either "incidental" or "inadvertent." ROA, Vol. 1 at 98. The district court went on to hold that the similar prior acts all suggested intentional contact, based on the planning necessary to isolate the store clerk in the music store incident, the sexual comment in the retail store incident, and the difficulty in "inadvertently kiss[ing] someone." Id. at 94, 96, 99–100. Thus, the district court concluded, the prior incidents would speak to Johnson's motive in committing the charged acts. In drawing this conclusion, the district court illustrated how the intentional prior acts were relevant to whether the similar charged acts were also intentional acts. That Johnson engaged in the prior acts, which bore significant similarities to the charged act, is relevant to the question of whether he accidently touched the women on the plane in the same way; while occasional accidental touches are inevitable, a pattern of the same kind of sexual touching suggests that Johnson acted intentionally. The prior act evidence is even more probative because the circumstances surrounding the prior acts strongly suggest that they were not accidental. Thus, the relevance of the prior act evidence lies not in Johnson's propensities but in the similarities between his prior acts and the charged conduct, coupled with the apparently intentional nature of the prior acts.

Finally, Johnson states that the probative value of the evidence of the prior acts was outweighed by the danger of unfair prejudice. But, as discussed above, the district court reviewed the probative value of the prior acts and concluded that they satisfied both

10

the Rule 404 and Rule 403 requirements. The evidence of the prior acts is highly probative of a central issue in this prosecution, and while prejudicial, is not substantially outweighed by a danger of unfair prejudice. The "exclusion of evidence under Rule 403 . . . is an extraordinary remedy and should be used sparingly," <u>Mares</u>, 441 F.3d at 1159. The district court did not abuse its discretion in rejecting Johnson's Rule 403 arguments in this case.

V.

The district court's judgment is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Chief Judge