FILED
United States Court of Appeals
Tenth Circuit

June 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALFRED R. BURKE, JR.,

      Petitioner-Appellant,

v.

JAMES RUDEK, Warden,

      Respondent-Appellee.

No. 12-6036
(D.C. No. 5:11-CV-00381-HE)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, TYMKOVICH,** and **GORSUCH,** Circuit Judges.

Alfred Burke was convicted in Oklahoma state court of kidnaping and

forcible oral sodomy. In due course, he filed a petition in federal district court

seeking relief from his conviction and sentence under 28 U.S.C. § 2254. The

district court denied this petition, and Mr. Burke now seeks a certificate of

appealability ("COA") to contest the district court's decision.

We may issue a COA only if the petitioner makes a "substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard,

an applicant must show "that reasonable jurists could debate whether (or, for that

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted). Because Mr. Burke proceeds in this court *pro se*, we review his pleadings with special solicitude.

In his application for a COA, Mr. Burke argues that the district court ignored several claims he believes were included in his § 2254 petition. But while Mr. Burke did identify a total of twelve claims that he presented in state court proceedings, ROA at 6-7, he listed only six of these in the section of his petition explaining why he is entitled to federal relief under § 2254. ROA at 14-16. Even liberally construing Mr. Burke's petition, we can't say that the district court erred in not addressing the claims Mr. Burke failed to identify as bases for federal relief.

Of the six claims Mr. Burke did raise, the first is a facial challenge to Okla. Stat. tit. 12, § 2413. Like Fed. R. Evid. 413, that law allows evidence of a defendant's prior commission of a sexual assault to be admitted against him in a later sexual assault case. Mr. Burke claims that in light of traditional prohibitions against the use of propensity evidence, this statute violates the Due Process Clause of the Fourteenth Amendment. Because the Oklahoma Court of Criminal Appeals (OCCA) rejected this claim on the merits, however, we can grant relief only if the OCCA's determination was "contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). And it wasn't. In fact, our court has rejected a similar due process challenge to Fed. R. Evid. 413, which is almost identical to the Oklahoma statute. *See United States v. Enjady*, 134 F.3d 1427, 1430-33 (10th Cir. 1998).

Mr. Burke's second and fourth claims, which challenge the admission of various evidence at his trial, share a common defect. In his briefs before the OCCA, Mr. Burke argued only that the admission of this evidence violated state law; nowhere did he claim that this also rose to the level of a violation of the federal Constitution or laws. ROA at 82-86, 90-96, 143-44. Even in his § 2254 petition, Mr. Burke focuses primarily on Oklahoma law, which is not a basis for relief under § 2254. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Although we can construe these claims to raise federal due process arguments, we can't say that Mr. Burke fairly presented the federal basis of these claims to the OCCA as required by § 2254(b)(1). *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also Anderson v. Harless*, 459 U.S. 4, 5 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."). Because it's clear that Oklahoma courts would now refuse to consider Mr. Burke's federal constitutional claims, these claims are subject to an anticipatory procedural bar, *see Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007), and there is no basis in the

record to find either cause and prejudice or actual innocence sufficient to overcome this bar.

Neither do we see any merit to Mr. Burke's third claim, that he is entitled to federal habeas relief because the two consecutive 273 year sentences he originally received were disproportionate to his crimes and thereby violated the Eighth Amendment. The district court held this claim was moot given that the OCCA reduced Mr. Burke's original sentences to two concurrent life sentences. In his application for a COA, Mr. Burke argues that the district court erred in not liberally construing his § 2254 petition to challenge his current life sentences instead of his original 273 year sentences. Even if we were to read his petition this way, however, we still could not grant relief. After reducing Mr. Burke's sentences for other reasons, the OCCA stated that his excessive punishment claim "need not be addressed further." ROA at 149. Given that the OCCA was well aware of Mr. Burke's arguments in support of this claim, the OCCA's statement is an adjudication on the merits subject to deference under § 2254(d)(1). *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). And while the Supreme Court has explained that the Eighth Amendment forbids prison sentences that are "grossly disproportionate" to a defendant's crime, *see Graham v. Florida*, 130 S. Ct. 2011, 2021-22 (2010), the OCCA's determination that life imprisonment is not a grossly disproportionate punishment for a defendant with several prior felony convictions who has been convicted of kidnaping and forcibly sodomizing

a woman while she was being raped by his son was not contrary to or an unreasonable application of any clearly established Supreme Court precedent.

Mr. Burke's fifth claim rests on his assertion that the jury selected his original 273 year sentences by averaging the sentences each individual juror thought would be appropriate. This, he says, violated Okla. Stat. tit. 22, § 952, which prohibits verdicts "by lot, or by any means other than a fair expression of opinion on the part of the jury." *See McKay v. Tulsa*, 763 P.2d 703, 705-06 (Okla. Crim. App. 1988) (interpreting this statute). But as we've already noted, § 2254 does not authorize relief for state law violations. And even if we could read Mr. Burke's § 2254 petition as claiming that this alleged jury averaging also violates some federal right, he never fairly presented such a claim to the OCCA and so it would be procedurally barred.

Finally, Mr. Burke argues that his conviction and sentence should be set aside due to cumulative error. Since we have not identified any federal constitutional errors under our deferential standard of review, however, this claim has no merit. *See Young v. Sirmons*, 551 F.3d 942, 972 (10th Cir. 2008) ("[I]n the federal habeas context, cumulative error analysis applies only to cumulative constitutional errors.").

Mr. Burke's application for a COA and motion to proceed *in forma pauperis* are denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge