**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL JAMES PASCAL,

    Defendant - Appellant.

No. 14-4091
(D.C. No. 2:13-CR-00763-DAK-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **SEYMOUR**, and **GORSUCH**, Circuit Judges.
_____

A jury convicted Michael Pascal of abusive sexual contact. He appeals, challenging the district court's admission of a prior uncharged sex offense under Federal Rule of Evidence 413. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In 2013, Pascal boarded a commercial flight and sat in his assigned middle seat. The adjacent window seat was occupied by an unaccompanied 14-year-old girl ("RS"). Early in the flight RS fell asleep. She testified that she awoke to find that the armrest separating her seat from Pascal's had been raised and that his hand was

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

underneath her, gripping her buttocks. She elbowed him away, asked what he was doing, and summoned a flight attendant to inform her about the incident. Pascal testified that he was asleep during the incident and did not intentionally touch RS. RS was interviewed by law enforcement after the flight.

Pascal was charged with abusive sexual conduct in violation of federal law. Before trial, the government moved to introduce evidence of a prior sexual assault under Federal Rule of Evidence 413. That evidence was an allegation by a different girl, "SB," who stated that Pascal touched her inappropriately in 2006, when she was 12 years old. SB testified that her mother, Pascal's friend and coworker, brought her to Pascal's home the night before a planned camping trip. After her mother went to sleep, SB stayed up watching a movie with Pascal and his daughter in the living room. SB joined her mother upstairs because Pascal was making her feel uncomfortable by leaning his head against her knee. Later that night, SB testified that she woke when she felt Pascal touching her back, and again when she felt him rubbing his hand from her lower back to the top of her buttocks. SB alerted her mother about the touching and Pascal left the room. They never reported the incident to authorities. Pascal disputed SB's allegations, testifying that he was asleep and did not remember going into the room where SB and her mother spent the night.

The district court granted the government's motion to admit this evidence, concluding that SB's allegations qualified as either a prior "sexual assault" or "attempted sexual assault." It found that "S.B.'s body was touched from the bottom of her back to the top of her buttocks." The court concluded that a jury could

-2-

reasonably find that a prior sexual assault had occurred by a preponderance of the evidence, and that the admission was proper under our multi-factor test for the admissibility of evidence under Rule 413.  See United States v. Benally, 500 F.3d 1085, 1090 (10th Cir. 2007).

At trial, SB, her mother, Pascal, and another witness testified about the 2006 incident, which the government offered to prove Pascal's intent to touch RS in 2013. A jury found Pascal guilty of abusive sexual conduct with a minor, in violation of 18 U.S.C. § 2244(a)(3).  Pascal timely appealed.

## II

### A

We review a district court's evidentiary rulings for abuse of discretion.  United States v. Jenkins, 313 F.3d 549, 559 (10th Cir. 2002).  We will not disturb a district court's evidentiary ruling "absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment."  United States v. Stiger, 413 F.3d 1185, 1197 (10th Cir. 2005) (quotation omitted).  Congress has instructed that Rule 413 is to be "liberally construe[d]."  United States v. Meacham, 115 F.3d 1488, 1492 (10th Cir. 1997) (quotation omitted).

Rule 413 provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault."  Fed. R. Evid. 413(a).  It defines sexual assault as, among other activities, "any conduct prohibited by 18 U.S.C. chapter 109A."  Fed. R. Evid.

413(d)(1). Chapter 109A prohibits abusive sexual contact with a minor, which is defined in part as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). A person need not have been convicted of or charged with a previous assault for it to be admissible under the Rule. See Benally, 500 F.3d at 1092-93 (affirming admission of prior uncharged sexual assault).

Pascal argues that the evidence shows only that he touched SB on the lower back, and that the district court thus erred because the 2006 incident does not meet the legal definition of sexual assault or attempted sexual assault. During an evidentiary hearing, SB was asked to describe in detail the part of her body that was touched. She responded: "[t]he bottom of my back, the top of my buttocks." She then stood and demonstrated. The prosecutor characterized her gesture as pointing to "the area from the small of her low back to the upper part of her buttocks." Pascal's counsel characterized her gesture as pointing to "above the buttocks and lower part of the back." SB herself characterized the area as "[w]here the rise of my buttocks begins, but not yet to the crack."

The district court found that Pascal touched SB from the "bottom of [her] back to the top of [her] buttocks." A factual finding is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." McAllister v. United States, 348 U.S. 19, 20 (1954). Given that SB testified that Pascal touched

-4-

her on "the top of my buttocks" and in the area "[w]here the rise of my buttocks begins," we are not left with a definite and firm conviction that the district court made a mistake by finding that Pascal did, in fact, touch her buttocks.

**B**

Evidence admitted pursuant to Rule 413 is subject to the Rule 403 balancing test. United States v. Batton, 602 F.3d 1191, 1198 (10th Cir. 2010). Again, "[w]e review a district court's evidentiary rulings for abuse of discretion." Stiger, 413 F.3d at 1197 (quotation omitted). A district court must "make a clear record of the reasoning behind its findings as to whether the evidence survives the Rule 403 balancing test." Benally, 500 F.3d at 1091 (quotation omitted). The court must first "make a preliminary finding that a jury could reasonably find that the other act occurred by a preponderance of the evidence." Id. at 1090 (quotations omitted). It should then consider:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely it is such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

Id. Considerations which may influence the court's analysis of the probative value of evidence include: "(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior

-5-

acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." Id. at 1090-91.

In its order, the district court acknowledged and followed these standards. Pascal contends that the district court abused its discretion by improperly weighing the frequency and time lapse factors. We disagree. The court noted that there had been a lapse of seven years between the prior and charged offense, but explained that the similarity of the two acts may outweigh concerns of remoteness in time. As to frequency, the court correctly explained that lack of frequency is not an absolute bar to admission under Rule 413. See United States v. Enjady, 134 F.3d 1427, 1434 (10th Cir. 1998) (affirming admission of Rule 413 evidence based on a single prior incident).

We will not reverse the district court's ruling "if it falls within the bounds of permissible choice in the circumstances and is not arbitrary, capricious or whimsical." United States v. Sturm, 673 F.3d 1274, 1286 (10th Cir. 2012) (quotation omitted). The district court's weighing of the Benally factors and its decision to admit the Rule 413 evidence was within the bounds of its discretion.

**III**

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-6-