**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MAURICE WHITERS, aka Mo,

    Defendant-Appellant.

No. 99-3206
(District of Kansas)
(D.C. No. 98-CR-10113-2)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant, Maurice E. Whiters, and a co-defendant, Marcus Block, were

charged in a four-count indictment with conspiracy to commit bank robbery in

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of 18 U.S.C. § 371; bank robbery in violation of 18 U.S.C. § 2113(a), (d); and two counts of using a firearm during the commission of a bank robbery in violation of 18 U.S.C. § 924(c). Block pleaded guilty to all four counts contained in the indictment. A jury convicted Whiters on all four counts. Block testified against Whiters at Whiters' trial. The district court concluded that Whiters was an organizer or leader of the criminal activity and increased Whiters' offense level by two levels pursuant to § 3B1.1(c) of the United States Sentencing Guidelines. Whiters was sentenced to a term of 117 months' incarceration.

Whiters' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), wherein counsel advises this court that Whiters' appeal is wholly frivolous. Accordingly, counsel has also filed a motion to withdraw. The *Anders* brief contains a challenge to the sufficiency of the government's evidence against Whiters and a challenge to the imposition of the two-level sentencing enhancement. Whiters filed a *pro se* response to counsel's *Anders* brief in which he again argues that the evidence was insufficient to support his convictions on all counts in the indictment and raises several additional claims involving both the indictment and the jury instructions given by the district court.

This court conducts a *de novo* review of the sufficiency of evidence presented at trial. *See Unites States v. Wilson*, 107 F.3d 774, 778 (10th Cir.

1997).  Evidence is sufficient to support a conviction if the direct and circumstantial evidence and the reasonable inferences drawn therefrom, viewed in the light most favorable to the government, would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt.     *See id.*

Having carefully reviewed the trial transcript in this case, this court concludes there is no merit to Whiters' argument regarding the sufficiency of the evidence supporting his convictions.  At trial, the government presented evidence that Commerce Bank, a financial institution insured by the FDIC and located at 1250 S. Woodlawn, Wichita, Kansas, was robbed on January 5, 1998.  Two bank employees, present at the time of the robbery, testified that an African-American male, fitting the physical description of Whiters, entered the bank wearing a ski mask and brandishing a firearm.  The robber demanded money from two tellers who placed the money in a white plastic trash bag provided by the robber.  One teller testified that, in addition to placing money in the robber's bag, she also placed bait money and a dye pack which explodes when it is taken outside the bank.  The robber then left the bank.

The government also presented the testimony of a bank customer who was entering the bank at the time of the robbery.  The customer testified that he observed one African-American male standing outside the bank and another African-American male emerge from the bank.  He testified that the individual

who came running out of the bank was carrying a handgun. He also testified that he observed both individuals run from the bank in a westerly direction.

A witness who lived in the vicinity of the bank, testified that she observed a maroon-colored vehicle parked near her residence the morning of the robbery. She further testified that she saw the vehicle drive off immediately after one individual jumped into the passenger side. She testified that after the vehicle drove off, she observed papers on the ground near where the vehicle had been parked.

An FBI agent in charge of the investigation into the robbery of the bank testified that a woman was caught passing dye-stained bills a few days after the robbery. At the trial, this woman identified Whiters as the person who had given her the stained bills. The agent then testified that carpet fibers gathered during the search of a maroon-colored vehicle belonging to Whiters' mother were tested and determined to contain the stain and chemicals found in dye packs used by the bank. The agent also testified that red-stained carpet samples were removed from the apartment in which Whiters was residing at the time of the robbery, tested, and also found to contain the chemicals used in the dye packs.

Co-defendant Block testified that the robbery was planned by Whiters, that Whiters provided him with a gun which he carried during the robbery, and that Whiters also carried a gun during the robbery. Block also testified that Whiters

instructed him to remain outside while Whiters robbed the bank. Block testified that the getaway car used in the robbery belonged to Whiters' mother and was driven by Whiters' sister. Block then testified that after the robbery, he and Whiters returned to Whiters' residence where they destroyed the bills that had been stained by the dye pack and then divided the remaining money between them. This court concludes that the trial transcript contains ample evidence to support Whiters' conviction on all four counts contained in the indictment.

Whiters also argues that there was insufficient evidence to support the two-level sentence enhancement under U.S.S.G. § 3B1.1. This court reviews the district court's determination that Whiters was an organizer or leader of a criminal activity for clear error. *See United States v. Cruz Camacho*, 137 F.3d 1220, 1223 (10th Cir. 1998). The district court imposed the two-level enhancement under U.S.S.G. § 3B1.1(c). That provision reads: "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by two levels." The district court based the enhancement on the following facts: the evidence established that the idea for the robbery originated with Whiters; Whiters recruited Block to participate in the robbery and instructed him to wait outside the bank and act as a lookout; Whiters provided the firearms used in the robbery; Whiters played a major role in the robbery by entering the bank and taking the money; Whiters provided the car

used in the robbery; Whiters' residence was used as a hideout; and it is likely that Whiters received a greater share of the money taken during the robbery. There is substantial support for these findings in the trial transcript. This court concludes, therefore, that the district court's factual findings are not clearly erroneous and also concludes that they are sufficient to support the imposition of the two-level enhancement.

In his response to the *Anders* brief, Whiters first contests the sufficiency of the indictment. Although Whiters failed to challenge the indictment at trial, a challenge to a defective indictment is never waived and the sufficiency of the indictment is reviewed *de novo*. *See United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1996). When a defendant fails to challenge the sufficiency of the indictment at trial, however, this court will liberally construe the indictment in favor of validity. *See id*.

Count 1 of the indictment begins, "From on or about a date unknown to the Grand Jury, until on or about January 5, 1998 . . . ." Whiters argues that the indictment is insufficient because it does not specifically set forth the date on which the conspiracy commenced. This argument is without merit. An indictment is sufficient "if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend, and if it enables a defendant to assert an acquittal or conviction in order to

prevent being placed in jeopardy twice for the same offense." *United States v. Staggs*, 881 F.2d 1527, 1530 (10th Cir. 1989). The indictment in this case, read as a whole, [1] clearly apprised Whiters of the charges against him and, thus, was sufficient. Count 2 of the indictment charged Whiters with bank robbery; Counts 3 and 4 charged Whiters with the use of a firearm during the commission of the bank robbery. The indictment specified the date of the alleged acts, the district and state within which they occurred, the statutes violated, the elements of the offense, and the name of the co-conspirator. Although the indictment did not specify the precise date on which the conspiracy commenced, the indictment was "sufficiently complete and precise to enable the defendant to avoid prejudicial surprise and to bar the risk of double jeopardy." *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980).

Even assuming, arguendo, that the indictment was facially insufficient because it failed to give the precise date on when the conspiracy commenced, there is no indication in the record that Whiters was ever unfairly surprised at trial. Additionally, Whiters has made no showing that he was actually prejudiced by the absence of the precise date on which the conspiracy began. *See United States v. Moore*, 556 F.2d 479, 483 (10th Cir. 1977). The indictment was read to

---

[1]Counts 2 through 4 of the indictment were expressly incorporated by reference into Count 1.

the jury as part of jury instruction No. 22. Whiters claims that, during his trial, the jury heard evidence of his participation in other criminal acts and that the absence of a beginning date to the conspiracy creates the possibility that the jury considered this other evidence when it convicted him of the offenses charged in the indictment. Other than Whiters' own speculation, the record contains no support for Whiters' claim that the jury considered evidence of Whiters' participation in other criminal acts in reaching its verdict. Any remote possibility that the jury may have impermissibly considered evidence of other criminal acts is foreclosed by jury instruction No. 17 which reads, in pertinent part,

> The defendant is on trial only for the acts alleged in the indictment. He is not on trial for any other acts or conduct. In determining whether the defendant is guilty or not guilty, you are therefore to consider only whether he has or has not committed the acts charged in this indictment. Even if you are of the opinion that he is guilty of some offense not charged, you must find him not guilty if the evidence does not show beyond a reasonable doubt that he committed the specific acts charged in this indictment.

This court concludes that the indictment was sufficient.

Whiters also raises several challenges to the jury instructions. Because Whiters failed to challenge the jury instructions at trial, he has waived his right to make such a challenge absent a demonstration of plain error. *See United States v.*

*Allen,* 129 F.3d 1159, 1162 (10th Cir. 1997). "Plain error is that which is obvious, or which seriously affects the fairness or integrity of the trial." *United States v. Enjady*, 134 F.3d 1427, 1435 (10th Cir. 1998).

Whiters argues that Count 1 of the indictment, read as part of jury instruction No. 22, is insufficient because it fails to allege at least one overt act committed in furtherance of the conspiracy of which he was convicted, i.e., conspiracy to commit bank robbery. Whether viewed as a challenge to the sufficiency of the indictment or a challenge to the jury instructions, Whiters' argument has no merit.

Count 1 of the indictment, reads:

> In furtherance of the conspiracy and to achieve the objectives thereof, the defendants committed and caused to be committed, overt acts in the District of Kansas, *among which are the acts described in counts 2 through 4 of this Indictment which are incorporated by reference as if fully set forth herein*.

(emphasis added). Thus, contrary to Whiters' allegation, the indictment is sufficient because Count 1 of the indictment alleges the overt acts described in Counts 2 through 4 of the indictment.[2]

Whiters also argues that it is unclear from the jury instruction whether the jury found him guilty of an overt act in furtherance of the conspiracy or just the

---

[2]These overt acts include the bank robbery and the use of firearms during the bank robbery.

object of the conspiracy. In instruction No. 23, the district court gave clear instructions regarding the government's burden of proof on the conspiracy charge, including a comprehensive definition of the term "overt act." The evidence presented at trial was abundantly sufficient for a jury to conclude that Whiters knowingly committed at least one overt act in an effort to accomplish some object of the conspiracy.

Whiters also challenges jury instruction No. 20 which he claims was unnecessary and "could only produce confusion and a [sic] unrelaible [sic] verdict." Instruction No. 20 reads,

> An individual named Marcus Block is mentioned in the indictment in this case. He is not on trial in this action and you will not be called upon to return a verdict as to his guilt or innocence. The only defendant on trial in this case, and upon whom you will be asked to return a verdict, is Maurice Whiters.

Whiters' has failed to show how the inclusion of this instruction, read in concert with the remaining instructions, constitutes error. This is particularly true in light of instruction No. 13 which reads, in part, "the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person."

Whiters then argues that instruction No. 23 was defective because of the placement of commas in the instruction. In instruction No. 23, the jury was instructed that they could not find Whiters guilty of conspiracy unless they found

"that the defendant Maurice Whiters, knowing the unlawful purpose and essential objectives of the plan, willfully joined in it." Whiters claims that because of the placement of commas, the district court was actually instructing the jury that Whiters *had* knowledge of the unlawful purpose and essential objectives of the plan. This argument is meritless. This court has read this instruction as a whole and concludes that no reasonable jury could ascribe it the meaning advocated by Whiters. On appeal, Whiters has made no showing of error, let alone plain error, with respect to any of his challenges to the jury instructions.

Upon review of the entire proceedings, this court concludes that the record establishes no non-frivolous ground for appeal. The district court's judgment of conviction and sentence are hereby **affirmed** and counsel's motion to withdraw is **granted** .

ENTERED FOR THE COURT:

Michael R. Murphy
Circuit Judge